(9 Misc. Rep. 219.)

## LAW v. PEMBERTON.

### (City Court of New York, General Term. June 20, 1894.)

PLEADING—AMENDMENT—NEW CAUSE OF ACTION.

　　In an action for rent alleged to be due under a lease, an amendment setting up a claim for damages for breach of contract to take a lease is properly denied, as the two causes of action are different.

Appeal from trial term.

Action by Alfred W. Law against Frank R. Pemberton. From a judgment entered on a verdict directed by the court in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before NEWBURGER and CONLAN, JJ.

Charles Haldane Johnson, for appellant.

Frank Sullivan Smith, for respondent.

CONLAN, J. This is an appeal from a judgment entered in favor of the defendant on a verdict directed by the court. This action was brought to recover rent, upon an allegation in the complaint that on or about the 9th day of September, 1893, plaintiff leased to the defendant an apartment in the building known as "34 Gramercy Park," in the city of New York, for one year, at $100 a month, and asks for a judgment for $608.36, which amount is made up of items of commissions, advertising, and the difference between what he claims the defendant had agreed to pay and what he subsequently let the premises for. The answer denies the making of the lease in question, but admits a demand of rent prior to the commencement of the action. The only evidence introduced was that of one McHale, who was the general superintendent of the premises in question, except of the one witness as to value. The witness McHale testified: That the defendant called on him in September, 1893, in regard to apartments, and that witness showed him the only apartment he had to let. That defendant then stated to him that the lease of the apartments he then occupied expired November 1st, and, if he would make the term begin November 1st, he would take it, provided it was put in order, which witness says he agreed to do, but that rent must begin October 1st. Defendant said he would take the apartment at $1,200 per year, but preferred to have his wife examine it first, witness giving him until the Monday following for such purpose. That witness was called on the telephone about 7 o'clock of the same day, and asked to have the letting begin November 1st, as he (defendant) was going to Chicago, and would like everything settled. That witness answered him that he could have it from October 1st, and the defendant replied, "All right; I will take it from October 1st;" the landlord to do all the necessary repairs; the witness to make out lease, and bring it down to defendant's office for signature, and receive check for installment of rent. There is no evidence that any lease was ever presented to the defendant for his signature, and on cross-examination he says: "I was to make the leases between plaintiff and defendant. I made them out, and destroyed them when I received defendant's letter. I did not present them to defendant." The witness wrote to the defendant under date September 16, 1893,—seven days after the conversation by telephone,—to the effect that, owing to the absence of the plaintiff from the city, he had been unable to get the leases signed, but would do so on Monday or Tuesday of the following week. To this letter the defendant sent the following reply, under date September 18, 1893:

"New York, Sept. 18th, 1893.

"Mr. McHale, Superintendent Gramercy Co., Gramercy Park, New York City—Dear Sir: I have just returned from Chicago. Mrs. Pemberton promptly advised me that she inspected the apartments yesterday, and they will not suit at all, which I deeply regret; and I am somewhat annoyed at

having had you hold the apartments for a week, and can only express the hope that you may readily find a tenant for them. [Signed] H. R. Pemberton."

This terminated all negotiations; the witness never replying to said letter.

We think the plaintiff failed to establish the fact alleged as the very ground upon which he seeks to recover, viz. that there was a lease which was broken by defendant's failure to pay rent. Plaintiff's counsel conceded that there was no lease signed, but simply an agreement to take a lease, to take effect in future, and asked leave of the trial judge to amend his complaint in that respect to conform to what he deemed the proof to be. We are unable to say that the court erred in its refusal to grant this request of plaintiff's counsel. It was discretionary with the trial judge, and we see no reason for interfering with the reasonable exercise of that discretion. The action was founded on a contract of hiring, and the amendment, if allowed, would have converted it into one exclusively for damages for the breach of a contract to hire. The two causes of action are entirely different in form and character. We are of the opinion that the trial judge properly directed a verdict for the defendant, and the judgment should be affirmed, with costs.